UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JESSICA R. LANCASTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 2:15-cv-148-WTL-WGH |
| ) | |
| AVON PRODUCTS, INC., ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON MOTION TO REMAND

This cause is before the Court on the Plaintiff's motion to remand (Dkt. No. 6). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.[1]

### I.  BACKGROUND

Plaintiff Jessica Lancaster worked as a district manager for Defendant Avon Products, Inc. ("Avon") until she was terminated in January 2015, due to a reduction in force. Lancaster alleges that Avon failed to pay her all of her earned quarterly sales bonus, failed to pay her all of her unused paid vacation time, and took unlawful deductions from her pay.

Lancaster filed suit in Parke County Circuit Court, alleging a violation of the Indiana Wage Claims Statute and breach of contract. Avon removed the case to this Court on May 22, 2015, alleging diversity jurisdiction.

---

[1] The Defendant's Motion for Leave to File Surreply Brief (Dkt. No. 15) is **GRANTED. The Clerk is directed to docket the Surreply found at Docket No. 15-1.**

## II.     DISCUSSION

Lancaster moves to remand this action to state court, arguing that the removal was improper because diversity jurisdiction does not exist.  Under 28 U.S.C. § 1441(a), a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"  At issue is whether the $75,000 amount-in-controversy requirement is met.  The party seeking removal bears the burden of proving the grounds for its motion. *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012) (citing *Shah v. Inter–Continental Hotel Chi. Operating Corp.*, 314 F.3d 278, 280 (7th Cir. 2002); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)).  Thus, Avon has the burden of proving that the amount-in-controversy requirement is met.

It is not disputed by the parties that Lancaster's damages are worth at least "$63,746.07, which includes $52,890.57 compensatory damages and $10,855.50 in attorneys' fees." Dkt. No. 10 at 11.  In claiming that Lancaster's potential damages are actually greater (and, in excess of $75,000), Avon argues that Lancaster has ignored two key components of her damages:  1) punitive damages; and 2) breach of contract damages.  Avon argues that Lancaster's potential damages meet the amount-in-controversy requirement when these damages are combined with the already agreed-to potential damages.  The Court disagrees.

To begin, Lancaster's breach of contract claim is premised on her allegation that Avon failed to pay her the full amount of her quarterly sales bonus. *See* Dkt. No. 1-1, Plaintiff's First Complaint for Damages ¶ 17 ("As it relates to her 'quarterly sales bonus,' Lancaster pleads in the

alternative a claim for breach of contract."). Lancaster cannot recover twice—once under the Indiana Wage Payment Statute and again under a breach of contract—for the same injury. *See Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 984 F.2d 223, 230 (7th Cir. 1993) (noting that there is "an equitable principle that a plaintiff cannot recover twice for the same injury"). Thus, it is not proper to consider her alleged loss of wages twice; these damages are already encompassed in the $52,890.57 of alleged compensatory damages.

Moreover, the Court agrees with Lancaster that this is not the type of case for which punitive damages are recoverable. First, the Indiana Wage Payment Statute already contains a punitive aspect: "In addition, if the court in any such suit determines that the person, firm, corporation, limited liability company, or association that failed to pay the employee as provided in section 1 of this chapter was not acting in good faith, the court shall order, as liquidated damages for the failure to pay wages, that the employee be paid an amount equal to two (2) times the amount of wages due the employee." Ind. Code § 22-2-5-2. Indeed, Lancaster and Avon have already applied this punitive remedy (treble damages) in reaching $52,890.57 in potential compensatory damages.

With regard to the breach of contract claim, the Indiana Supreme Court has "consistently stated the general rule that punitive damages are not allowed in a breach of contract action." *Miller Brewing Co. v. Best Beers of Bloomington, Inc.*, 608 N.E.2d 975, 981 (Ind. 1993). "[I]n order to recover punitive damages in a lawsuit founded upon a breach of contract, the plaintiff must plead and prove the existence of an independent tort of the kind for which Indiana law recognizes that punitive damages may be awarded." *Id.* at 984. No such claim is found in Lancaster's Complaint. There are no facts or allegations contained in Lancaster's Complaint evidencing "an independent tort of a 'reprehensible' nature, . . . a state of mind evidencing bad

faith, or [allegations that Avon's] conduct has a quality that characterizes it as 'reprehensible' as where there is evidence of a consciousness of an intended or probable effect calculated to unlawfully injure the personal safety or property rights of others." Dkt. No. 15-1 at 3 (quoting *First Federal Sav. & Loan Ass'n of Indianapolis v. Mudgett*, 397 N.E. 1002, 1008-09 (Ind. Ct. App. 1979)). Her Complaint pleads a straightforward, simple breach of contract claim. Thus, it is not proper to consider punitive damages in the amount in controversy.

Simply put, Avon has failed to show that the $75,000 amount-in-controversy requirement is met, and this case must be remanded.

### III.   CONCLUSION

Because the amount in controversy is not met, this Court lacks subject matter jurisdiction over this case and removal was improper. Accordingly, the Plaintiff's motion to remand (Dkt. No. 6) is **GRANTED**. This case is **ORDERED REMANDED** to Parke County Circuit Court. **As required by 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of this remand order to the Clerk of the Parke County Circuit Court.**[2]

SO ORDERED: 7/27/15

*/s/ William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication

---

[2] Because the Court lacks jurisdiction over this case, the following motions remaining outstanding: Defendant's Motion to Set Aside Default Entry and Request for Permission to File an Answer to Plaintiff's Complaint (Dkt. No. 12) and Plaintiff's Motion for Pretrial Conference (Expedited) and Order Staying Briefing on Defendant's Motion to Set Aside Default Entry (Dkt. No. 12).